UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:14cr00117 |
| ) | CHIEF JUDGE WILLIAM J. HAYNES, JR. |
| ROBERT GRAY, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE CONSISTING OF $148,250.34 MONEY JUDGMENT

Based on the representations and agreements of the Government and Defendant Robert Gray at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on July 31, 2014, the Government filed an Information charging Defendant Robert Gray with bank fraud in violation of 18 U.S.C. § 1344.

**WHEREAS**, the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 982(a)(2)(A) that upon conviction of the bank fraud offenses alleged in the Information, Defendant Robert Gray shall forfeit any property constituting, or derived from, proceeds he obtained directly or indirectly, as a result of such violation, including but not limited to a money judgment of at least $148,250.34 United States currency, representing the amount of proceeds obtained as a result of bank fraud.

**WHEREAS**, the forfeiture allegation of the Information also gave notice to Defendant Robert Gray that in the event the $148,250.34 in proceeds, as a result of any act or omission of Defendant Robert Gray:

    a.    cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;
      c.     has been placed beyond the jurisdiction of the court;
      d.     has been substantially diminished in value; or
      e.     has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Robert Gray up to $148,250.34.

    **WHEREAS**, Defendant Robert Gray has entered into a Plea Agreement with the United States wherein he has pled guilty to the Information.

    **WHEREAS**, Defendant Robert Gray further acknowledges in his Plea Agreement that $148,250.34 is subject to forfeiture because these funds constitute, or are derived from, proceeds he obtained directly or indirectly, as a result of bank fraud, and he consents to the entry of a money judgment in the amount of $148,250.34.

    **WHEREAS**, Defendant Robert Gray, via his Plea Agreement, acknowledges that as a result of his own act(s) or omission(s), the $148,250.34 in proceeds obtained as a result of the scheme or artifice to defraud as alleged in the Information, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property.

    **WHEREAS**, Defendant Robert Gray, via his Plea Agreement agreed to cooperate fully regarding locating substitute assets.

2

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the bank fraud to which Defendant Robert Gray has pled guilty in this matter are $148,250.34.

2. $148,250.34 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the bank fraud as charged in the Information, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant Robert Gray's act(s) or omission(s), the $148,250.34 in proceeds obtained as a result of the bank fraud to which Defendant Robert Gray has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $148,250.34.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of a Money Judgment in the amount of $148,250.34 ("Order of Forfeiture") is hereby taken against Defendant Robert Gray as to the Information. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgment shall become immediately final as to the defendant after sentencing, by his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. The United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $148,250.34 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

C. The United States Probation and Pretrial Services shall provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

D. The Internal Revenue Service shall provide the Defendant's Tax Returns for the years 2004 through 2014 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $148,250.34 Money Judgment as to the Information to include substitute property having a value not to exceed in total $148,250.34 United States currency to satisfy the Money Judgment in whole or in part.

F. Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgment have been filed.

G. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $148,250.34 plus statutory interest is made in full.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 24th day of September, 2014.

                                                     CHIEF JUDGE WILLIAM J. HAYNES, JR.
                                                     United States District Court